UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| SEAN P. HUFFMAN, )<br>　　Plaintiff, )<br> )<br>v. )<br> )<br>WALTER BRAND *et al.*, )<br>　　Defendants. ) | Case No. 25-4068 |

ORDER

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court for screening is a Complaint (Doc. 1) filed under 42 U.S.C. § 1983 by Plaintiff Sean Huffman, an inmate at Iowa Medical and Classification Center. Plaintiff has also filed a Motion for Counsel (Doc. 4).

**I.　Complaint**

　　**A. Screening Standard**

The Court must "screen" Plaintiff's complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. Upon reviewing the complaint, the court accepts the factual allegations as accurate, construing them liberally in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be

provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

**B. Background**

In May 2012, Plaintiff filed a petition in the Fourteenth Judicial Circuit, Rock Island, Illinois, to establish paternity of a minor child. *Huffman v. Tiberio*, 2021 IL App (3d) 180418-U, ¶ 4, 2021 WL 640861, at *1. During a July 2017 hearing, Fourteenth Judicial Circuit Judge Walter D. Braud prohibited Plaintiff from using the internet to criticize public officials, court personnel, or the respondent. (*Id*. at 4.)

On June 20, 2018, the respondent's counsel, Jeffrey Neppl, filed a motion for a rule to show cause requesting that the court find Plaintiff in contempt of court and impose financial sanctions for social media posts in which Plaintiff allegedly disparaged the court, respondent's counsel, and the guardian *ad litem*. *Id*. at *5.

On June 28, 2018, Judge Braud conducted a hearing on the respondent's rule to show cause motion at which attorneys Daniel P. Dalton and Neppl entered their appearance. After the close of evidence, Judge Braud found that Plaintiff used social media to make defamatory remarks and ordered Plaintiff to pay $300 in attorney fees within ninety days. (*Id*. at *6-8.) After a fifteen-minute recess, the Court began criminal contempt proceedings by soliciting Plaintiff's testimony. S*ee* Case Search, https://www.judici.com/courts/cases/case_search.jsp?court=IL081025J (search for case No. 2012F275 history) (last visited January 10, 2026). After Plaintiff's testimony, the Court found Plaintiff in direct criminal contempt and sentenced him to a year in jail,

followed by a year of probation and a one-thousand-dollar fine. (*Id*. at 12.) The court suspended eleven months of the imposed jail term. (*Id*.)

Plaintiff appealed, and in a decision dated February 17, 2021, the Illinois Appellate Court reversed, concluding that "the insufficiency of the evidence requires reversal of the direct criminal contempt order." (*Id*. at 18.) The Court noted that its determination did not affect the civil contempt hearing that occurred before the criminal contempt proceeding. (*Id*.)

### B. Factual Allegations

Plaintiff identifies Judge Brand (retired), and Attorneys Dalton[1], Neppl, and Teresa Sosalla[2] as Defendants. Specifically, Plaintiff asserts that Judge Brand conspired with Dalton, Neppl, and Sosalla to "lure" Plaintiff into a June 28, 2018, court hearing "under the … pretense of a custody hearing." (Pl. Compl., Doc. 1 at 5.) Plaintiff claims that he did not learn of the appellate court's reversal until March 30, 2023. (*Id*. at 4.)

### C. Analysis

"A civil conspiracy is 'a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means.'" *Beaman v. Freesmeyer*, 776 F.3d 500, 510 (7th Cir. 2015) (quoting *Scherer v. Balkema*, 840 F.2d 437, 441 (7th Cir. 1988)). "To prevail on a conspiracy claim, 'the plaintiff must show that (1) the individuals reached an agreement to deprive him of his constitutional rights, and (2)

---

[1] In 2020, Dalton was appointed as an associate judge in the Fourteenth Judicial Circuit Court of Illinois in Rock Island County.

[2] Teresa Sosalla appeared as counsel for the respondent. *See* Rock Island County Court Records, https://www.judici.com/courts/cases/case_search.jsp?court=IL081025J, (search for case No. 2012F275 history) (last visited January 10, 2026).

overt acts in furtherance actually deprived him of those rights.'" *Daugherty v. Harrington*, 906 F.3d 606, 612 (7th Cir. 2018) (quoting *Beaman*, 776 F.3d at 510); *see also Scherer v. Balkema*, 840 F.2d 437, 442 (7th Cir. 1988) ("[T]o establish a prima facie case of a civil conspiracy, a plaintiff must show (1) an express or implied agreement among defendants to deprive plaintiff of his or her constitutional rights and (2) actual deprivations of those rights in the form of overt acts in furtherance of the agreement.").

Despite Plaintiff's allegations, he provides no facts to support his conclusory assertion of a civil conspiracy. Additionally, the mentioned judicial record neither establishes nor permits the inference of a civil conspiracy. In this regard, the facts reveal that the circuit court *sua sponte* initiated the criminal contempt proceeding by directly questioning Plaintiff. Aside from their presence, the state court's docket entry does not show that Defendants Dalton, Neppl, and Sosalla participated in the criminal contempt proceeding. Indeed, the record does not show that Sosalla entered her appearance at the June 28, 2018, hearing. *See* Rock Island County Court Records, https://www.judici.com/courts/cases/case_search.jsp?court=IL081025J, (June 28, 2018, docket entry for case No. 2012F275) (last visited January 10, 2026).

Furthermore, "[j]udicial immunity insulates judges from being sued except when a plaintiff sues a judge for (1) 'nonjudicial actions, i.e., actions not taken in the judge's judicial capacity,' or (2) 'actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Cossio v. Tourtelot*, 725 F. App'x 406, 410 (7th Cir. 2018) (quoting *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991)) (vacating judgment in favor of judge on absolute immunity grounds because plaintiff alleged judge conspired to deprive him of

employment, which is not a judicial act). The record shows that Judge Brand's actions on June 28, 2018, were related to his judicial duties.

Consequently, Plaintiff's Complaint is dismissed as it fails to state a claim. However, if Plaintiff believes he can revise his pleading to state a cause of action, he may file a motion for leave to file an amended complaint. If Plaintiff decides to file an amended complaint, his amended pleading must be attached to his motion for leave.

The Court does not accept piecemeal amendments. Plaintiff's amended complaint must stand independently without reference to his initial filing and contain all claims against all defendants. Plaintiff's amendment must specify the constitutional violation, when it occurred, and the Defendant or Defendants personally involved. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) ("To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right.").

The Court informs Plaintiff that any attempt to join unrelated claims and defendants in his amended complaint is not permitted. *See* Fed. R. Civ. P. 20(a)(2). In other words, multiple claims against a single defendant are allowed, but "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits." *Id.*

II.   **Counsel and Status**

Plaintiff has no constitutional right to counsel, and the Court cannot require an attorney to accept pro bono appointments in civil cases. The most the Court can do is ask

for volunteer counsel. *See Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992) (holding that although indigent civil litigants have no constitutional right to counsel, a district court may, in its discretion, request counsel to represent indigent civil litigants in certain circumstances). In considering Plaintiff's motion for counsel, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

Plaintiff's Motion for Counsel (Doc. 4) is denied because he has not satisfied his threshold burden of demonstrating that he has attempted to hire counsel, which typically requires writing to several lawyers and attaching the responses received.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Counsel (Doc. 4) is DENIED.**

2) **Plaintiff's Complaint (Doc. 1) is DISMISSED under 28 U.S.C. 1915A(b)(1) for failure to state a federal claim.**

3) **Plaintiff is GRANTED leave to file an amended complaint within thirty days of the entry of the Court's Merit Review Order and in compliance with the Court's guidance. If Plaintiff does not submit an amendment on or before the thirty-day deadline, the Court will dismiss Plaintiff's case without prejudice.**

ENTERED January 12, 2026.

s/ *Colleen R. Lawless*
_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE